ILLINOIS CENTRAL RAILROAD COMPANY

v.

GEORGE W. SCHWARTZ, use, etc.

</div>

1. INSUFFICIENT EVIDENCE.—The judgment is reversed for want of sufficient evidence to support the finding of the court as to the amount of damages.

2. CONSIGNOR AND CONSIGNEE—PARTIES—RIGHT OF ACTION.—A car-

rier can not dispute the title of the consignor, where the party delivering the property to the carrier is bound to make the shipment, or has become responsible to the carrier for his charges.

3. QUÆRE.—Whether, when the seller delivers the goods on board the cars in pursuance of his contract, and all shipping arrangements are made by the purchaser. and the bills of lading specify that the goods are shipped to the consignee on account of the purchaser, the latter is not to be regarded as the consignor, and the seller as his agent.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.   Opinion filed October 24, 1882.

Messrs. WILLIAMS, BURR & CAPEN, for appellant; that if a party has an interest in the result of a suit, and consents that it may be brought in the name of another, he is a privy and bound by the judgment, and such judgment will be a bar to a new suit, cited Conger v. Chilcote, 42 Iowa, 18; Stoddard v. Thompson, 31 Iowa, 80; McNamee v. Moreland, 26 Iowa, 97; Finn v. Western R. R. Co. 112 Mass. 524; Ill. Cent. R. R. Co. v. Cobb, 64 Ill. 132; Green v. Clark, 12 N. Y. 343; Calkins v. Allerton, 3 Barb. 171; State v. Hunter, 3 Strob. Eq. 136; Kent. v. H. R. R. Co. 22 Barb. 278; White v. Bascom, 28 Vt. 268; Kitchen v. Campbell, 3 Wils. 304; Cron v. Bowlby, 68 Ill. 23; Miller v. L. M. T. Co. 14 Chicago Legal News, 18; Bigelow on Estoppel, 77; 2 Smith's Lead. Cas. 435.

If there be delay in transportation of goods, the owner, to recover damages, must show what was done with the goods after their arrival, expenses, etc.:   Ill. Cent. R. R. Co. v. Cobb, 72 Ill. 148.

The party first violating a contract, and thus causing the other to violate it, can not recover for damages caused by his own fault:   Conger v. H. R. R. R. Co. 6 Duer, 375; Cobb v. Ill. Cent. R. R. Co. 88 Ill. 394.

No man can take advantage of his own wrong: Broom's Legal Maxims, 209; Wright v. I. & M. Tel. Co. 20 Iowa, 195.

If a carrier is compelled by law to give preference to any one he is released from his obligations as a common carrier: Angell on Carriers, § 68; Story on Bailments, § 495; Dwight v. Brewster, 1 Pick. 50; Bouvier's Law Dic. " Common Car-

rier"; 2 Redfield on Railways, 3; Hutchinson on Carriers, § 47.

A common carrier is one bound to carry for all who offer freight,. and pay charges: 2 Redfield on Railways, 67; Hutchinson on Carriers, § 48.

A common carrier is only bound to provide reasonable facilities for doing the ordinary business required: G. & C. U. R. R. Co. v. Rae, 18 Ill. 488; Wibert v. N. Y. & C. R. R. Co. 2 Kernan, 245; 2 Redfield on Railways, 163; Story on Bailments, § 591; Hutchinson on Carriers, § 114; Conger v. H. R. R. R. Co. 6 Duer, 375.

If the State, as the law-making power, takes control of the carrier, and compels him to act under its direction, he ceases to be a free agent: Bliven v. H. R. R. R. Co. 35 Barb. 188; Hadley v. Clark, 8 T. R. 259; Angell on Carriers, § 293.

At the time of the grievance complained of appellant was not a common carrier: Ill. Cent. R. R. Co. v. Ashmen, 58 Ill. 487; Ill. Cent. R. R. Co. v. McClellan, 54 Ill. 58; Ill. Cent. R. R. Co. v. Cobb, 64 Ill. 128; Ill. Cent. R. R. Co. v. Blaisdell, 72 Ill. 148; Ill. Cent. R. R. Co. v. Hamberger, 77 Ill. 457; Cobb v. Ill. Cent. R. R. Co. 88 Ill. 394; Phelps v. Ill. Cent. R. R. Co. 94 Ill. 548; Ill. Cent. R. R. Co. v. Phelps, 4 Bradwell, 238.

The Illinois Central Railroad is a military highway under the control of the government of the United States: U. S. Stat. 466, § 19; 2 Purple's Stat. 1362; 2 Redfield on Railways, 653; 12 U. S. Stat. at large, 334.

The measure of damages is compensation: Warner v. Ostrander, 44 Ill. 356; King v. Gilson, 32 Ill. 348; Bridgeman v. Steamboat Emily, 18 Iowa, 509; Mather v. Butler Co. 28 Iowa, 252; Winne v. I. C. R. R. Co. 31 Iowa, 583; Gilbert v. Wiman, 1 Comst. 550; Aberdeen v. Blackmar, 6 Hill, 324; Loker v. Damon, 17 Pick. 280; Miller v. Mariner's Church, 7 Greenl. 51; Hutchinson on Carriers, § 773; Angell on Carriers, § 490; Sedgwick on Damages, 28; Pierce's Railroad Law, 465.

It is the duty of the consignee to receive the goods from the carrier promptly: 1 Redfield on Railways, 52; Angell on

Carriers, § 502; Porter v. C. & I. R. R. Co. 20 Ill. 407; C. & A. R. R. Co. v. Scott, 42 Ill. 132; Crawford v. Clark, 15 Ill. 561; Ostrander v. Brown, 15 Johns. 39; Hemphill v. Chenie, 6 W. & S. 62; G. W. Ry. Co. v. Crouch, 3 H. & N. 182; Thomas v. B. & P. Ry. Co. 10 Met. 472.

In the absence of any stipulated time for the performance of a contract, it must be performed within a reasonable time: Wibert v, N. Y. & E. R. R. Co. 12 N. Y. 245; G. & C. U. R. R. Co. v. Rae, 18 Ill. 488.

The judgment of a court of competent jurisdiction is final as to all matters actually determined, and as to all such as might have been litigated in the cause: Le Guen v. Gouverneur, 1 Johns. Cas. 436; Moses v. Macferlan, 2 Burr. 1005; Phillip v. Hunter, 2 H. Bl. 402; Marsh v. Pier, 4 Rawle, 273; C. & S. R. R. Co. v. Watson, 26 Ind. 50; Smith v. Finley, 2 Penn. 1005; Calhoun v. Dunning, 4 Dall. 120; Peterson v. Lathrop, 34 Pa. St. 223; Chambers v. Lapsley, 7 Barr, 24.

Messrs. WELDON & BENJAMIN, and Mr. HAMILTON SPENCER, for appellee; that this suit is not barred by the former suit in the name of another party, cited Case v. Reeves, 14 Johns. 81 Hunt v. Haven, 52 N. H. 170; Crawford v. Hall, 16 N. Y. 575; Comyn's Dig. Evidence A, 5; Doe v. Earl of Derby, 1 Adol. & E. 783; Kirkpatrick v. Stringley, 2 Ind. 259; I. & C. R. R. Co. v. Clark, 21 Ind. 150; Hunter v. Davis, 19 Ga. 413; Church v. Claflin, 35 Vt. 223; Packet Co. v. Sickles, 5 Wall. 580; Russell v. Place, 4 Otto, 606; Chrisman v. Harman, 29 Gratt. 494; Akin v. Peck, 22 Vt. 260; Hooker v. Hubbard, 102 Mass. 245; Supples v. Cannon, 44 Conn. 428; Dutton v. Woodman, 9 Cush. 261.

Upon the question of military interference: Ill. Cent. R. R. Co. v. McClellan, 54 Ill. 58.

The carrier having received the goods is responsible for delay in delivering them: Ill. Cent. R. R. Co. v. McClellan, 54 Ill. 58; Ill. Cent. R. R. Co. v. Cobb, 64 Ill. 128; Bowman v. Teal, 23 Wend. 306.

McCULLOCH, J.  The transactions out of which this suit grew are in part detailed in the opinion of the Supreme Court

in Ill. Cent. R. R. Co. v. Cobb, Christy & Co. 64 Ill. 128. It is said that the corn sued for in this case was also embraced in that.   It is further contended that after being remanded to the circuit court the case was again tried and judgment rendered for the railroad company, which judgment was affirmed by the Supreme Court.  Cobb, Christy & Co. v. Ill. Cent. R. R. Co. 88 Ill. 394, and that appellee being interested in and privy to that suit, is barred of his action in this.

It will be observed that, in their first opinion (64 Ill. 128) the Supreme Court, in view of the terms of the contract between Cobb, Christy & Co. and Fallis, who claims to have purchased the corn for them, regarded Cobb, Christy & Co. as sufficiently interested in the corn to maintain a suit in their own names for its detention.

When the case again came before that court (88 Ill. 396), it appearing then that Cobb, Christy & Co. had not advanced money specially upon the corn in question, but had cashed the drafts of Fallis upon his general account, it was held the action could not be maintained.

That was an action on the case for negligence.   This is a suit in assumpsit upon two bills of lading, as they are called, in favor of appellee, one for five cars of corn shipped from Wenona, from March 30 to April 10, 1865, to Cobb, Blaisdell & Co., on account of E. Fallis, the other for one car of corn shipped from Minonk, March 30, 1865, to Cobb, Blaisdell & Co. to the like account of E. Fallis, the damages sued for having, as is claimed, resulted from unreasonable delay in transporting the grain to Cairo.

It now appears that Schwartz made an absolute sale of the corn to E. Fallis, either on his own account, or as the agent of Cobb, Christy & Co., the corn to be delivered on board appellant's cars by April 10, 1865, and to be paid for on delivery or soon thereafter.   There was nothing in this contract making it a condition of the sale that the corn should pass inspection at Cairo, as was the case in the arrangement between Fallis and Cobb, Christy & Co.   In pursuance of the terms of this contract of sale, Schwartz delivered the corn in question on board appellant's cars and took the bills of lading sued on, which

he turned over to Fallis and thereby parted with all control over the grain. It is now claimed by counsel for appellant that appellee, having parted with his title, can not maintain this suit. It must be confessed, the case is not free from difficulty upon this point. It is held in G. W. R. R. Co. v. McComas, 33 Ill. 185, that the carrier can not dispute the title of the consignor, and such appears to be the weight of authority. Hutchinson on Carriers, § 723 et seq. This is undoubtedly the law where the party delivering the property to the carrier is in duty bound by contract or otherwise to make the shipment, or has become responsible to the carrier for his charges; but it is not altogether clear that when, as in this case, the seller delivers the grain on board the cars in pursuance of his contract of sale, and all the shipping arrangements are made by the purchaser, and the bills of lading specify that the grain is shipped to the consignee on account of the purchaser, the latter is not to be regarded as the consignor, and the seller only his agent.

This question, as well as that relating to the bar alleged to have been created by the former suit, will ultimately have to be decided before appellee's right to recover in this suit can be fully determined. It is said this suit is to be followed by about twenty others which involve the same question. It may, therefore, with reasonable certainty, be predicted that some one or more of them will be carried to the Supreme Court for final adjudication upon the questions of law involved. It is of vital importance, therefore, that all questions relating to the facts of the case should be finally settled before the cases pass beyond the jurisdiction of this court.

The cause was tried in the court below without the intervention of a jury, mainly upon abstracts of evidence heard in several other cases involving the same line of defense. It is possible that admissions were made or indulged upon that trial, which do not appear in the record now before us, and upon which the judgment of the court below was predicated. We must, however, try the case as it appears from the record.

Counsel for appellee admit the court below found for him only as to two cars, namely, those numbered 2414 and 404, which were shipped from Wenona on the 10th day of April,

and arrived at Cairo on the 16th day of May. These two cars were, on the 20th day of May, delivered to Smith, Boffinger & Co., and were stored on the boat, Walsh, but by whom or by whose authority they were so stored, nowhere appears. On the 26th day of May, one Thomas Porter, a grain inspector of the Chicago Board of Trade, acting under employment of Cobb, Christy & Co., inspected the corn on board said boat and found car No. 404 moldy and damp, and in No. 2414 he found seventy-eight sacks good, but says nothing as to the balance of the corn in that car. The declaration claims no damage accruing by reason of any fall in the market value of the corn, nor for damages resulting from the delay, other than that the corn was damaged in the sacks. So far as we can discover, there is no evidence showing the condition of this corn on its arrival at Cairo, nor for ten days thereafter. Nor can we discover that it was ever rejected by the government inspector, or that it was or was not received by Cobb, Blaisdell & Co. There is evidence tending to show that the government had ceased receiving grain under their contract with Cobb, Christy & Co., as early as the 10th of April, and if that be the case, then it is likely it never was inspected by the government inspector, and that the government would not have received it, even if it had been in prime order.

We see no substantial ground for the assessment of damages, as made by the court. If Cobb, Blaisdell & Co. refused to receive the corn on its arrival at Cairo, they should show that fact and a sufficient justification therefor, in which case the damages would be assessed according to one rule; but if they received the corn, then they were bound to show to what extent it was damaged, and what disposition they made of it and for how much, and in that case the assessment would follow another rule. I. C. R. R. Co. v. Cobb, Blaisdell & Co. 72 Ill. 148.

The other questions of law discussed by counsel for appellant, we think, are all disposed of in the analogous cases in the Supreme Court, cited in the briefs. Reserving for the present our opinion as to the bar of the former suit, and the appel-

lee's right of action in this suit, the judgment of the court below will be reversed for want of sufficient evidence to support the finding of the court in respect to the amount of damages.

Reversed and remanded.